F I L E D
CLERK OF COURT

2025 JUN 26 PM 3: 22

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0288-22** |
| | ) | GPD REPORT NOS. 22-11527/22-11576 |
| | ) | CRIMINAL CASE NO. **CF0296-18** |
| vs. | ) | GPD REPORT NOS. 18-13872/73886/13887 |
| | ) | |
| | ) | |
| **ROLANDO AFKAS JACKSON,** | ) | |
| aka Roland A. Jackson, aka Rolando | ) | DECISION AND ORDER |
| Jackson, aka Troy Afkas, akaTroy Askas, | ) | RE. PEOPLE'S MOTION TO REVOKE |
| aka Raul Jones, aka John Doe, | ) | DEFENDANT'S PROBATION AND |
| DOB: 12/04/1990 or 12/03/1992 or | ) | IMPOSE JAIL SENTENCE |
| 12/04/1992 or 12/08/1992 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on April 14, 2025, for a Revocation Hearing for Defendant Roland Afkas Jackson ("Defendant" or "Defendant Jackson") in CF0296-18 and CF0288-22. Defendant is represented by Assistant Public Defender Peter J. Sablan. Assistant Attorney General Valerie A. Nuesa represents the People of Guam ("the People"). After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM. After reviewing the People's Motion and the Defendant's Opposition, oral arguments from the parties, and the

applicable statutes and case law, the Court now issues this Decision and Order **GRANTING** the People's Motion.[1]

<u>**PROCEDURAL AND FACTUAL BACKGROUND**</u>

**A.**     **Defendant Plead Guilty to Charges in CF0296-18 and CF0288-22**

  **1.**     **CF0296-18: Conviction for Aggravated Assault (As a 3rd Degree Felony) and Criminal Mischief (As a 3rd Degree Felony)**

On March 22, 2022, Defendant Jackson pled guilty to the following offenses in this case: Count One of the Third Charge of Aggravated Assault (As a Third Degree Felony) and Count One of the Fourth Charge of Criminal Mischief (As a Third Degree Felony). *See Judg. of Conv., CF0296-18* (Jun. 15, 2025). The Defendant was sentenced to three (3) years imprisonment, with all but seven (7) days suspended, and with credit for time served. *Id.* The Defendant was also sentenced to three (3) years of supervised probation. *Id.* The Court imposed standard release conditions, including: stay away/no contact with the Victims, reporting to the Client Services and Family Services Division ("CSFC") for intake and assessment and to follow all treatment recommendations, monthly reporting to the Probation Services Division ("Probation"), no consumption of drugs and alcohol, a fine of two hundred fifty dollars ($250.00) and court costs of eighty dollars ($80.00), and three hundred (300) hours of community service. *Id.*

  **2.     CF0288-22: Conviction for Theft by Receiving (As a 3rd Degree Felony).**

On July 19, 2022, Defendant Jackson pled guilty via Information to the offense of Theft by Receiving (As a Third Degree Felony). On September 13, 2022, the Defendant was sentenced to twelve (12) months of imprisonment, all but ninety (90) days suspended, with credit

---

[1] In the interest of judicial efficiency, the Court issues this Decision and Order for both captioned cases.

for time served. *See Judg. of Conv., CF0288-22* (Dec. 21, 2022). The Defendant was also sentenced to three (3) years of supervised probation. *Id.* The Court imposed standard release conditions, including: stay away/no contact orders with the Victim, reporting to the CSFC for intake and assessment and to follow all treatment recommendations, monthly reporting to Probation, no consumption of drugs and alcohol, a fine of one thousand dollars ($1,000.00) and court costs of eighty dollars ($80.00), and fifty (50) hours of community service. *Id.*

**B.     The Defendant's violations thereafter.**

In both matters, Probation lodged First Violation Reports on October 17, 2022. *See First Vio. Rpt., CF0296-18 & CF0288-22* (Oct. 17, 2022). In the reports, Probation indicated that the Defendant failed to refrain from consuming illegal drugs by yielding a presumptive positive result for methamphetamines on October 13, 2022. *Id.* The Defendant admitted, via written declaration to smoking methamphetamines the day prior. *Id.*

On January 24, 2023, for both matters, Probation lodged Second Violation Reports against the Defendant. *See Second Vio. Rpt, CF0296-18 & CF0288-22* (Jan. 24, 2023). Probation reported that the Defendant violated the following conditions in both matters: (1) failed to report to Probation once a month, last reporting on October 19, 2022; (2) failed to report to CSFC for intake and processing; (3) failed to perform any of the ordered community service hours for both cases; and, (4) failed to make progress on court-ordered fines and court costs for both cases. *Id.* On January 31, 2023, the Court issued Warrants of Arrest for Defendant in both cases. *See Warr. of Arrest, CF0296-18 & CF0288-22* (Jan. 31, 2023). The warrants were returned on January 31, 2023. *See Ret. of Warr., CF0296-18 & CF0288-22* (Jan. 31, 2023).

The Court held a Return of Warrant hearing for Defendant Jackson on February 1, 2023. As to the violations, the Defendant admitted to not reporting to Probation due to his wife's c-

section at their child's birth. *Min. Entry* (Feb. 1, 2023). The Court admonished the Defendant to complete his conditions and communicate with Probation regarding any emergencies and changed circumstances. *Id.* The Court imposed a suspended ten (10) day sanction and ordered the Defendant to report to Probation the next day upon release. *Id.*

In both matters, Probation lodged Third Violation Reports on February 22, 2023. *See Third Vio. Rpt., CF0296-18 & CF0288-22* (Feb. 22, 2023). In the reports, Probation indicated that the Defendant failed to refrain from consuming illegal drugs by yielding a presumptive positive result for methamphetamines on February 2, 2023. *Id.* The Defendant admitted, via written declaration, to smoking methamphetamines on January 31, 2023. *Id.*

On July 10, 2023, the Court held a Violation Hearing on Defendant's Third Violation, in which the Defendant did not appear. *See Min. Entry* (Jul. 10, 2023). The Court issued a Bench Warrant that same day for the Defendant in both cases. *See Bench Warr., CF0296-18 & CF0288-22* (Jul. 24, 2023). The warrants were returned nearly four months later, on November 3, 2023. *See Ret. of Warr., CF0296-18 & CF0288-22* (Nov. 3, 2023). Following the return of warrants, Probation filed a Fourth Violation Report on November 7, 2023, on the basis that the Defendant failed to report monthly to Probation and last reported on February 6, 2023. *See Fourth Vio. Rpt., CF0296-18 & CF0288-22* (Nov. 7, 2023).

On November 8, 2023, the Court held a Return of Warrant hearing for the Defendant. On the issue of Defendant's noncompliance with reporting, the Defendant submitted to the Court that his baby had passed away as a reason for his noncompliance. *See Min. Entry* (Nov. 8, 2023). The Court noted Probation's attempts to contact the Defendant and his outstanding conditions in both cases. *Id.* The People indicated their intent to file a Motion for Revocation of Probation in

both matters. *Id.* The Court continued to hold the Defendant pending the Revocation Hearing in these matters. *Id.*

On November 30, 2023, the People filed their Motion to Revoke Defendant's Probation, and the Defendant filed his Opposition on December 26, 2023. The Court held a hearing on Defendant's revocation of probation on January 25, 2024. During the hearing, the Court indicated that it would give credit towards community service for his time during detention. *Min. Entry* (Jan. 25, 2024). The Court further held the People's Motion in abeyance to give the Defendant an opportunity to complete his conditions. *Id.* The Court set an auto-release date of February 29, 2024, and admonished the Defendant complete his abeyance. *Id.* The Court set the next hearing on November 19, 2024. *Id.*

On December 2, 2024, Probation lodged Fifth Violation Reports against the Defendant for both matters, reporting that the Defendant had failed to complete his conditions. *See Fifth Vio. Rpt., CF0296-18 & CF0288-22* (Dec. 2, 2024). In addition, Probation indicated that the Defendant's probation in CF0150-21 and CF0064-21 were revoked on June 6, 2024, and was sentenced to three (3) years' imprisonment. *Id.*

On April 10, 2025, in CF0296-18, Defendant filed his Opposition to the Motion to Revoke Probation, wherein the Defendant indicated that he has been held in custody for nearly eighteen (18) months as part of the reason for his noncompliance, although he does not excuse his noncompliance altogether. *See Deft.'s Opp'n., CF0296-18* (Apr. 10, 2025). The Defendant requests more time to complete probation, and, if the Court were to revoke his probation, that he be sentenced concurrently with his other matters. *Id.*

//

//

## DISCUSSION

Guam law specifies the procedures that the Court must follow for revocation of probation. The relevant statute, in its entirety, states as follows:

> [T]he court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstance then existing will best satisfy the ends of justice and the best interests of the public.

9 GCA § 80.66(a)(2). The process for revoking an offender's probation has been further explained by the Guam Supreme Court as follows:

> Probation revocation is a two-step process. First, the trial court must make a factual determination that a violation of probation actually has occurred. If a violation is proven, then the Court must determine if the violation warrants revocation of the probation.

*People of Guam v. Camacho*, 2009 Guam 6 ¶ 27 (internal citations omitted).

To revoke a defendant's probation, evidence and facts presented to the Court must be "reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Id*. At ¶ 30 (citing *People v. Angoco*, 1998 Guam 10). Additionally, prior to revocation, the offender must be provided with written notice of the grounds for revocation of probation. 9 GCA § 80.68(a). At the hearing, the offender shall "have the right to hear and controvert the evidence against him, to offer evidence in his defense and to be represented by counsel." *Id*. Should the Court revoke an offender's probation, "it may impose on the offender any sentence that might have been imposed originally for the crime of which he was convicted." 9 GCA § 80.66(b).

**A.      The Court determines that Defendant has violated probation conditions.**

Pursuant to the first step articulated in *Camacho*, the Court must make a factual determination of whether a violation of probation has occurred. There are no factual disputes that a violation of Defendant's probation has occurred.

**In CF0288-22**, Defendant accrued a total of four (4) post-judgment violations:

1. **1ˢᵗ Violation on October 17, 2022**: Failure to refrain from ingesting/consuming an illegal controlled substance. Defendant admitted via declaration that he smoked "meth" on October 12, 2022. *1ˢᵗ Violation Report and Decl.* (Oct. 17, 2022);

2. **2ⁿᵈ Violation on January 24, 2023**: (a) Probationer failed to report once a month and last reported on October 19, 2022; (b) Failed to report to CSFC for intake and assessment; (c) Failed to perform any community service (50 hours ordered); (d) Failed to make payments toward $1,000 fine and $80 court costs. Defendant admitted his failure to perform conditions, explained that it was due to his wife's c-section; the Court imposed a ten (10) day sanction at DOC, but suspended the sanction; Court admonished him to complete conditions and to report to Probation no later than 1:00 pm on February 2, 2023. *Min. Entry* at 9:55 AM to 10:08 AM (Feb. 2, 2023).

3. **3ʳᵈ Violation on February 22, 2023**: Failure to refrain from ingesting/consuming an illegal controlled substance. Defendant tested presumptive positive for methamphetamines on February 2, 2023, and admitted to ingesting "meth" on January 31, 2023. *3rd Violation Report and Decl.* (Feb. 22, 2023). On May 9, 2023 the Court issued a Summons to Defendant to answer to the 3ʳᵈ Violation (*Summons* (May 9, 2023)); however, an Affidavit of Non-

Service was filed after marshals attempted service upon Defendant at last known address. *Affid. of Non-Svc.* (July 7, 2023). The Court issued a Bench Warrant due to the non-service on July 10, 2023, during the hearing on the 3ʳᵈ Violation, when Defendant failed to appear;[2]

4.  **4ᵗʰ Violation on November 7, 2023**: Probationer failed to report once a month and last reported on February 6, 2023. Attempts by probation to contact Defendant were unsuccessful. *4ᵗʰ Viol.* (Nov. 7, 2023).

**In CF0296-18**, Defendant accrued a total of four (4) post-judgment violations:

1.  **1ˢᵗ Violation on October 17, 2022**: Failure to refrain from ingesting/consuming an illegal controlled substance. Defendant admitted via declaration that he smoked "meth" on October 12, 2022. *1ˢᵗ Violation Report and Decl.* (Oct. 17, 2022);

2.  **2ⁿᵈ Violation on January 24, 2023**: (a) Probationer failed to report once a month and last reported on October 19, 2022; (b) Failed to report to CSFC for intake and assessment; (c) Failed to perform any community service (50 hours ordered); (d) Failed to make payments toward $1,000 fine and $80 court costs. Defendant admitted his failure to perform conditions, explained that it was due to his wife's c-section; the Court imposed a ten (10) day sanction at DOC, but suspended the sanction; Court admonished him to complete conditions and to report to Probation no later than 1:00 pm on February 2, 2023. *Min. Entry* at 9:55 AM to 10:08 AM (Feb. 2, 2023).

---

[2] *See Minute Entry of Viol. Hrg.* at 9:27:05 AM to 9:47:11 AM (July 10, 2023).

3. **3rd Violation on February 22, 2023**: Failure to refrain from ingesting/consuming an illegal controlled substance. Defendant tested presumptive positive for methamphetamines on February 2, 2023, and admitted to ingesting "meth" on January 31, 2023. *3rd Violation Report and Decl.* (Feb. 22, 2023). On May 9, 2023 the Court issued a Summons to Defendant to answer to the 3rd Violation (*Summons* (May 9, 2023)); however, an Affidavit of Non-Service was filed after marshals attempted service upon Defendant at last known address. *Affid. of Non-Svc.* (July 7, 2023). The Court issued a Bench Warrant due to the non-service on July 10, 2023, during the hearing on the 3rd Violation, when Defendant failed to appear;[3]

4. **4th Violation on July 18, 2023**: Probationer failed to report once a month and last reported on February 6, 2023. Attempts by probation to contact Defendant were unsuccessful. *4th Viol.* (July 18, 2023).

5. **5th Violation on December 2, 2024**: (a) Failed to report to CSFC for intake and assessment; (b) Failed to perform any community service (300 hours ordered); (c) Failed to make payments toward $250.00 fine and $80 court costs.

Defendant has admitted to all of the violations.

**B.    The Court determines that revocation of probation is warranted.**

Pursuant to the second *Camacho* prong, the Court determines whether revocation of Defendant Jackson's probation is warranted. In making this determination, the Court must resolve whether "revocation under all the circumstance. . .will best satisfy the ends of justice and

---

[3] *See Minute Entry of Viol. Hrg.* at 9:27:05 AM to 9:47:11 AM (July 10, 2023).

the best interests of the public." 9 GCA § 80.66(a)(2). Upon review of the record, the Court finds a Defendant has patently failed to comply with and to complete the conditions set forth in the Plea Agreements and Judgments for each of Defendant's cases. Since entering probation in both CF0296-18 and CF0288-22, the Defendant has failed to report monthly to Probation as ordered and complete all of his conditions during his three (3) years of supervised probation. Of most concern to this Court is Defendant's repeat violations of testing positive for methamphetamines and failing to avail himself of counseling and treatment with CSFC that may have addressed his drug issues and other issues affecting the Defendant. It is in the best interest of the public for the Defendant to rehabilitate himself through counseling and treatment and follow the Court's orders, thus preventing recidivism and returning the Defendant as a productive and healthy member of society. The Defendant has failed to take advantage of such opportunity in this regard.

For the above reasons, the Court determines that the second *Camacho* prong is satisfied, and revocation is warranted in this case.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence in **CF0296-18 and CF0288-22**. The People have agreed to run the **three (3) year** term of incarceration in CF0296-18 *concurrently* with the **one (1) year** term of incarceration in CF0288-22. The Court shall issue a Judgment of Revocation on separate cover for both matters.

SO ORDERED this 26th day of June, 2025.

SERVICE VIA EMAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

OAG & PDSC

Date 6/26/25 Time: 3:24
Reinita M. Lindlau
Deputy Clerk, Superior Court of Guam

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam